# EXHIBIT C

No. 17-0161                                                    Atty No. 30723

## IN THE ILLINOIS APPELLATE COURT
## FIRST JUDICIAL DISTRICT

PATRICK J. DOHERTY                      )
*Plaintiffs/Appellant,*                 )
                                        )
vs.                                     )          Appellate Court No. 17-0161
                                        )
WASHINGTON FEDERAL BANK FOR             )          Appeal from the Circuit Court of
SAVINGS & JOHN GEMBARA,                 )          Cook County, Law Division.
individually and as president of        )          Judge Mulroy 16 L 6379
Washington Federal Bank. JAN TRAN       )
CROWLEY & LAMB                          )
                                        )
*Defendants/Appellees*                  )

### NOTICE OF FILING

TO:    CROWLEY AND LAMB
       Attorney at Law
       221 N LASALLE,
       Suite 1550
       Chicago, IL 60602

On November 6, 2017 at the attached was filed at the Appellate Court of County, and present the attached pleading: **Plaintiff Appellants Brief**

Attorney Signature: _____

### PROOF OF SERVICE BY MAIL

The undersigned states that on November 6, 2017, I served this Notice, together with the documents referred to therein, by mailing a copy to the above named persons at their respective addresses and depositing same in the U.S. Mail at 7826 West 103rd Street, Palos Hills, Illinois 60465, before 4:00 p.m., with proper postage prepaid. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure I certify that the statements set forth in this instrument are true and correct.

_____

PATRICK DOHERTY
Attorneys at Law
Attorneys for Defendant
7836 West 103rd Street
Palos Hills, Illinois 60465
Telephone No: (708) 598-6626
Facsimile No: (708) 598-8778

No. 17-0161

## IN THE
## ILLINOIS APPELLATE COURT
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| Patrick J. Doherty, | ) | Appeal from Circuit Court of Cook |
| Plaintiff-Appellant, | ) | County, Illinois, Law Division |
| | ) | |
| | ) | |
| | ) | Case No. 16 L 6379 |
| v. | ) | |
| | ) | The Hon. Thomas J. Mulroy |
| | ) | Judge Presiding |
| Washington Federal Bank for Savings, John | ) | |
| Gembara, individually and as president of | ) | |
| Washingto Federal Bank for Savings, Jan | ) | |
| Tran and Crowley & Lamb LLC | ) | |
| Defendants-Appellees. | ) | |

## BRIEF AND ARGUMENT FOR PLAINTIFF-APPELLANT
## PATRICK J. DOHERTY

Patrick J. Doherty
Attorney No. 30723
Patrick J. Doherty, LLC
7826 W. 103rd Street
Palos Hills, Illinois 60465
(708) 598-6626
patrickjdoherty@ameritech.net

**APPENDIX TO APPELLEE'S BRIEF**

**TABLE OF CONTENTS**

**Pages**

The Complaint filed on June 28, 2016……………………………………………C 1-47

Defendants' Motion to Dismiss and for Sanctions filed on August 15, 2016……C 48-132

Defendants' Notice of Filing filed on August 15,2016……………………………..C 132

Defendants' Motion to Stay Discovery filed on August 15, 2016………………C133-148

Defendants' Notice of Motion to Dismiss and for Sanctions and Motion to Stay Discovery filed on August 16, 2016………………………………………………… C149-164

Plaintiff's Notice of Filing regarding the Motion to Disqaulify filed on August 22, 2016………………………………………………………………………………...C 165

Plaintiff's Motion to Disqualify Attorney filed on August 22, 2016……………C167-183

Court Order dated August 22, 2016 granting Defendants' Motion to Dismiss and Stay Discovery, Stiking Date on Defendants' Motions, Dismissing Plaintiff's Complaint, with leave to Amended, briefing schedule on Plaintiff's Motion to Disqualify, and Status Date………………………………………………………………………………C184-185

Plaintiff's Notice of Filing regarinding Plaintiff's Amended Complaint filed on August 31, 2016……………………………………………………………………………C 186

Plaintiff's Amended Complaint filed on August 31, 2016………………………C187-216

Defendants' Notice of Filing regarding Defendants' Motion to Strike Motion to Disqaulify filed on September 6, 2016……………………………………………...C 217

Defendants' Motion to Strike Motion to Disqualify filed on September 6, 2016
………………………………………………………………………………...C 218-224

Defendants' Motion to Dismiss Plaintiff's Amended Complaint and For Sanctions filed on September 13, 2016……………………………………………………C 225-337

Defendants' Notice of Filing regarding Defendants' Motion to Dismiss Plaintiff's Amended Complaint and For Sanctions filed on September 13, 2016………….C 338

Court Order dated September 22, 2016 continuing all pending motions………..C 339

Court Order dated September 23, 2016 denying Plaintiff's Motion to Disqualify and taking under advisement Defendants' Motion to Dismiss Plaintiffs' Amended Complaint...................................................................................................C 340

Court Order dated October 12, 2016 granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint, with prejudice...................................................C341-345

Plaintiff's Motion to Reconsider October 12, 2016 Court Order dismissing Plaintiff's Amended Complaint with prejudice filed on November 9, 2016..................C346-397

Plaintiff's Notice of Motion regarding Plaintiff's Motion to Reconsider October 12, 2016 Court Order dismissing Plaintiff's Amended Complaint with prejudice filed on November 9, 2016..........................................................................................C398-399

Defendants' Notice of Filing filed on December 1, 2016 regarding Defendants' Response to Plaintiff's Motion to Reconsider.....................................................C400

Defendants' Response to Plaintiff's Motion to Reconsider filed on December 1, 2016 ...................................................................................................................C401-410

Court Order entered on December 5, 2016 for Clerk's Status on Plaintiff's Motion to Reconsider Court Order dated October 12, 2016.......................................C411

Court Order dated December 20, 2016 denying Plaintiff's Motion to Reconsider Court Order dated October 12, 2016...........................................................................C412

Plaintiff's Notice of Appeal dated January 17, 2017.....................................C413

Plaintiff's Request for Preparation of Record on Appeal..............................C414

## II. NATURE OF CASE

The plaintiff, Patrick J. Doherty, ("Doherty") filed a multi-count Amended Complaint against defendants, namley Washington Federal Bank for Savings ("Bank"), Crowley & Lamb, LLC ("Crowley & Lamb"), John Gembara, the Bank's President, ("Gembara") and Jan Tran ("Tran") (collectively "Defendants") for fraud, forgery, malicious procesecution and imposition of sactions which the trial court held was barred by the doctrine of res judicata.

Only the Bank filed a lawsuit aginst Doherty in case entitled *Washington Federal Bank for Savings v. Patrick J. Doherty*, et al, Case No. 2014 L 2411 ("Law Action"). Doherty filed answers and an affirmative defense of forgery to the Bank's lawsuit and informed Bank's counsel Crowley & Lamb of said forgery of the loan document subject to the Law Action. To prove the forgery of the loan documents and the fraud perpetrated on the Court, Doherty retained a handwritting expert. Upon receipt of the expert's report, Doherty forwarded the report to Crowley & Lamb. Crowley & Lamb filed a Motion to Voluntary Dismiss the Case thereafter. An order was entered voluntarily dismissing the Law Action, without prejudice, without an ajudication on the merits or a ruling by the Court the Bank's claims and/or Doherty's affirmative defense, and without Doherty having an opportunity to assert his own claims against the Defendants after proof of the forgery. Thereafter, Doherty filed the lawsuit subject to this appeal against the Defendants, naming three (3) additional parties not included in the Law Action. The trial court, however, granted Defendants' Motion to Dismiss, denied Plaintiff's Motion to Reconsider and this appeal followed.

### III. JURISDICTION

The Court has jurisdiction over this appeal pursuant to Illinois Supreme Court

Rule 303.

### IV. ISSUES PRESENTED FOR REVIEW

1. Does a Plaintiff's voluntary non-suit, without prejudice, adjudicate

Defendant's affirmative defense and/or causes of actions of fraud and forgery?

2. Whether res judicata is a sword or a shield?

### V. STATEMENT OF FACTS

On or about March 4, 2014, Washington Federal Bank for Savings ("Bank") filed

a lawsuit against Doherty and other defendants in Cook County entitled *Washington*

*Federal Bank For Savings v. Patrick J. Doherty*, et al., Case No. 2014 L 2411 ("Law

Action"). In the Complaint filed in the Law Action, the Bank and its counsel, Crowley &

Lamb, LLC ("Crowley & Lamb") alleged that Doherty defaulted on his alleged Guaranty

of the alleged promissory note dated April 17, 2006 in the original amount of

$400,000.00 ("Note") and the forged extensions thereof (collectively "Loan

Documents"), a copy of the Complaint is attached hereto and incorporated herein as

Exhibit "A". (C 256-307). In response thereto, Doherty file his Answer and Affirmative

Defense, a copy of his Answer and Affirmative Defenses is attached hereto and

incorporated herein as Exhibit "B". ( 312-315). Irrespective of Doherty's allegations of

relating to the forgery of his signature on the Loan Documents, Bank proceeded with a

Motion for Summary supported by Affidavit. ( C 383-386).

On March 19, 2015 and May 4, 2015 the Court in the Law Action allowed

Doherty to take the depositions of key witnesses. Without producing the deponents,

2

namely John Gembara and Jane Tran to sit for their Court ordered deposition, the Bank

filed a Motion to Voluntarily Dismiss its Claims against Doherty and Worth Conversion,

LLC ("Worth") due the fact that Doherty retained an expert, at his own cost, to determine

the authenticity of the Loan Documents with the retained expert finding forgery

specically "The signature in question on Item Q-1 were photocopied and pasted into

place to create the document identified as Item K-1". (C 367-368).  Almost immediately

prior to the presentation of Bank's Motion to Dismiss, Doherty forward to Bank's

counsel an expert report explicitly stating that his signature was forged by Bank on the

Loan Documents and his intent to file suit as a result thereof.  On June 15, 2015, the

Court in the Law Action granted Bank's Motion for a Voluntary Non-Suit and entered an

order dismissing the Law Action, without prejudice, and without an adjudication of the

Doherty's affirmative defenses, a copy of the June 15, 2015 Court Order is attached

hereto and incorporated herein as Exhibit "C".  (C 392).

In the Law Action, the count(s) directed against Doherty related to his alleged

Guaranty of the forged Note.  The Guaranty was a wholly distinct document and

completely unrelated to the Guaranty of the other named defendant in the Law Action.

Notably, Doherty filed an answer and an affirmative defense to the counts directed at him

which remained pending and undetermined.  Rather than have the Court adjudicate

Doherty's affirmative defense, respond to written discovery, and produce the deponents,

the Bank voluntarily dismissed the count(s) asserted against Doherty for his alleged

breach of his Guaranty, without prejudice.

Thereafter, Doherty filed instant lawsuit, which was subsequently amended

("Amended Complaint") naming the Bank, Crowley & Lamb, John Gembara, the Bank's President, ("Gembara") and loan officer Jan Tran ("Tran") (collectively "Defendants") as Defendants. (C187-216). Doherty asserted claims of fraud, forgery, malicious prosecutions, and imposition of sanctions aginst the Defendants. (C187-216). In response, the Defendants' filed a 2-619 Motion to Dismiss the Amended Complaint. (C 225-337). The Court, without setting a briefing schedule and only after a brief oral argument, ruled that the instant action was barred by the doctrine of res judicata, a copy of the October 12, 2016 Court Order ("Court Order") is attached hereto and incorporated herein as Exhibit "D". (C 341-345).

On November 9, 2016, Doherty filed a Motion to Recondiser the Court Order ("Motion to Reconsider"). (C346-397). The Court ordered a briefing schedule and set the Motion to Reconsider for a Clerk's Status on December 5, 2016. (C 411). With a Defendants' having filed a Response to the Motion to Reconsider and the Plaintiff having submittting to the Court his Reply thereto, which isn't part of the record, the Court denied the Motion to Reconsider. (C 412).

## VI. STANDARD OF REVIEW

### I. Motion to Dismiss

The standard of review of a motion to dismiss under sections 2-615 and 2-619 of the Code is de novo. *Stahelin v. Forest Preserve District of Du Page* County, 376 Ill. App. 3d 765, 771 (2007). Under the de novo standard of review, the reviewing court does not need to defer to the trial court's judgment or reasoning. *People v. Vincent*, 226 Ill.2d 1, 14 (2007). De novo review is completely independent of the trial court's decision with the reviewing court performs the same analysis that a trial judge would perform. *United*

*States Steel Corp. v. Illinois Pollution Control Board*, 384 Ill.App.3d 457, 461 (2008);

*Khan v. BDO Seidman, LLP*, 408 Ill.App.3d 564, 578 (2011).

### II. Motion for Reconsideration

De novo review is also proper where a motion to reconsider raises a question of whether the trial court erred in its previous application of existing law. *JP Morgan Chase Bank v. Fankhauser*, 383 Ill App. 3d 254 (2008).

## VII. ARGUMENT

### I.      Does a Plaintiff's voluntary non-suit, without prejudice, adjudicate Defendant's affirmative defense and/or causes of actions of fraud and forgery?

The doctrine of res judicata bars any sequent case of action which resulted in a final judgment on the merits between the same parties on the same cause of action.  To establish res judicata, three elements must be satisfied: (1) final judgment on the merits rendered by a court of competent jurisdiction (2) identity of cause of action (3) identity of parties.  *Hudson v. City of Chicago,* 228 Ill. 2d 462, 467 (Il S.Ct. 2008).

#### a. No Final Judgment

The requirement of a final order or judgment is a "critical" component in showing the applicability of res judicata. *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41.  A judgment cannot bar a subsequent action unless it is a "final" judgment. *Relph v. Board of Education of DePue Unit School District No. 103,* 84 Ill. 2d 436, 441 (1981).  A party asserting res judicata bears the burden of the doctrines application to the facts. *Hernandez,* 2012 IL 113054, ¶ 41

In *Richter v. Prairie Farms Dairy, Inc.*, the trial court granted defendant's Section 2-615 Motion to Dismiss, however, granted plaintiff leave to file an amended complaint

within 30 days. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518. Although plaintiff

failed to file an amended complaint, about four (4) years later, the plaintiff moved to

voluntarily dismiss, without prejudice, pursuant to Section 2-1009 which was granted.

Over two (2) years after the voluntary dismissal, without prejudice, the plaintiff filed the

same cause of action against the same defendant which the defendants moved to dismiss

based on res judicata which was granted. *Id.* The appellate court reversed the trial

court's decision regarding the application of res judicata to the second action and

remanded the case to the trial court. *Id.* The Defendant then appealed to the Illinois

Supreme Court which affirmed the appellate court's decision.

      The Illinois Supreme Court specifically found that the dismissal of the voluntary

dismissal of the first action, without prejudice, did not amount to a final adjudication on

the merits for the purposes of res judicata. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL

119518. The Illinois Supreme Court reasoned that "[T]o be "final," a judgment or order

must terminate the litigation and fix absolutely the parties' rights, leaving only

enforcement of the judgment. *In re Detention of Hardin*, 238 Ill. 2d 33, 42-43 (2010).

Thus, "a ruling which is not a final order does not in any manner affect or determine any

subsequent proceeding." *Arnold Schaffer, Inc. v. Goodman*, 73 Ill.App. 3d 729, 732

(1979).

      A judgment is final if it terminates the litigation on the merits of the case and

determines the rights of the parties, and if affirmed, the only action pending is to proceed

to execution. *Weilmuenster v. H.H. Hall Construction Company*, 72 Ill. App. 3d 101, 106

(5th Dist. 1979). The true test of finality is if it finally determines the rights and

obligations of the parties, without leaving matter of substantial controversy for subsequent resolution. *Id.* citing *McCaffrey v. Nauman*, 204 Ill. App.3d 761, 764 (1990).

Illinois Supreme Court Rule 273 provides: "Unless the order of dismissal or a statute of this State otherwise specifies, an *involuntary dismissal of an action*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Emphasis added.) Ill. S. Ct. R. 273 (eff. Jan. 1, 1967). A dismissal *"without prejudice"* signals *that there was no final decision on the merits* and that the plaintiff is not barred from refiling the action. *Kostecki v. Dominick's Finer Foods, Inc., of Illinois*, 361 Ill. App. 3d 362, 373 (2005). Under Supreme Court Rule 237, it is only when a dismissal order does not specify that it is "without prejudice," or that plaintiff was granted leave to file an amended complaint, the dismissal order is a final adjudication on the merits. *Id.* at ¶ 26. Thus, the Illinois Supreme Court concluded that a when a party exercises its right to voluntarily dismiss its own action without prejudice, the voluntary dismissal is not tantamount to a final judgment on the merits. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518.

Similar to the *Richter* case, in the instant matter, the Court erred by finding that the voluntary dismissal, without prejudice, resulted in a final judgment on the merits in the Law Action. After receipt of Doherty's letter to Bank's counsel indicating his intent to file suit regarding the fraud and forgery perpetrated by Bank and the others, the Bank voluntarily dismissed the Law Action, without prejudice, while Doherty's affirmative defenses remained pending and undetermined. (C 392).

As indicated in his letter, Doherty filed the instant action against the Defendants. The erroneously found that there was an adjudication on the merits in the Law Action by

stating that "a default judgment is a final judgment on the merits for purposes of res judicata. (See pg. 2 of Court Order) (C 341-345). The First Action, however, did not result in a default judgment entered against Doherty, but rather the Bank's voluntary dismissal, without prejudice.

Not only did the Court err in finding that the voluntary dismissal, without prejudice, amounted to a final judgment on the merits, the Court failed to consider the Savings Statute. Under Section 13-217 of the Illinois Code of Civil Procedure, an action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed within one year thereof or within the applicable statute of limitations. 735 ILCS 5/13-217. Ironically, in *BankFinancial, FSB v. Tandon*, 2013 Il App (1st) 113152, Defendant, Crowley & Lamb, representing BankFinancial successfully argued that a voluntary dismissal of claims and subsequent dismissal for want of prosecution of the remaining claims did not result in a final adjudication on the merits for the purposes of res judicata, a copy of the *BankFinancial v. Tandon* decision is attached hereto and incorporated herein as Exhibit "E". The First District expressly found that neither the voluntary dismissal or the DWP Order triggered the doctrine of res judicata, nonetheless, the Savings Clause allowed BankFinancial to file its second suit.

In *Flores v. Dugan*, the Illinois Supreme Court also held that a dismissal for want of prosecution is not a final and appealable order as the plaintiffs had an absolute right to file their cause of action pursuant to section 13-217. *Flores v. Dugan*, 91 Ill. 2d 108, 112 (Ill.S.Ct. 1982). The Illinois Supreme Court reasoned that "since the plaintiffs had an absolute right to refile the action with the statutory limits, the order of dismissal could not terminate the litigation." *Id.* at 114.

Like in *Tandon* and *Flores*, in the Law Action there was no adjudication on the merits of Bank's claims against Doherty. Rather, the Bank voluntarily dismissed, without prejudice, its claims against Doherty while Doherty's affirmative defenses were pending and his deposition of the Bank's president was pending. The Bank and it's counsel, after being placed on notice of Doherty's allegations of fraud and forgery, and without sitting for the deposition, voluntarily dismissed as a strategy to avoid liability. Since there was no final judgment against Doherty, Doherty has the unfettered right under the Savings Clause to maintain his lawsuit against Defendants as the applicable statute of limitations have not yet expired.

### b. No Identity in Cause of Action

#### i. Independent Claims

The trial court erred in finding that there was an identity between the Law Action and the instant matter. In the Law Action, Bank asserted claims against Doherty based on his alleged Guaranty of the forged Note. (C 312-315). The instant action, however, involves Bank's, its officers and attorneys unscrupulous acts of collecting the amounts allegedly due and owing to Bank under a forged Note and alleged Guaranty. Thus, it's the acts and not the forged loan document that formed the basis of the Doherty's lawsuit. The basis of *res judicata* is that the party against whom the doctrine is raised has litigated or had the opportunity to litigate the same manner in the prior action. *Schlangen v. Resolution Trust Corp.*, 934 F.2d 143, 146 (7th Cir. 1991).

The Seventh Circuit Court of Appeals dealt with a similar issue and found that *res judicata* did not apply. In the *Whitaker* case, the United States Court of Appeals examined the identity of cause of action requirement under *res judicata* using both the

evidence and transactional approach and found that neither approach applied. *Whitaker*

*v. Ameritech Corporation,* 129 F.3d 952, 955-56 (7th Cir. 1997). Ameritech brought suit

against Whitaker for failure to pay her phone bills which resulted in a default judgment

being entered against Whitaker. *Id.* Thereafter, Whitaker bought suit against Ameritech

for violations under the Fair Debt Collections Practices Act ("FDCPA"). *Id.* The Court

essentially found that although Whitaker's claims arose out of her telephone service with

Ameritech in a general sense, the essence of her claim arose out of the injury resulting

Ameritech's collection of the debt for her telephones services. *Id.* at 958. The Court

reasoned that Whitaker incurred a debt when she used Ameritech's telephone services,

but Ameritech collection procedures never affected Whitaker until she failed to pay her

bill, thus, the debt attachment and the debt collection were rendered separated by time

and purpose. *Id.* "To lump debt attachment and debt collection together as the same

cause of action under the res judicata analysis is to give res judicata broader sweep than

we believe the Illinois courts are willing to give it." *Id.* The default judgment against

Whitaker did not prevent her from filing suit against Ameritech based on the doctrine of

*res judicata. Id.*

### ii. Counterclaims

The primary basis of the Court Order dismissing the instant lawsuit is premised

upon the erroneous finding of an identity of the cause of actions between the Law Action

and this action. In the Law Action, the Bank and it's counsel filed suit on a forged Note

and Guaranty against Doherty. (C 256-307). Prior to the Bank's voluntary non-suit,

without prejudice, of its claims against Doherty, Doherty indicated that a lawsuit was

forthcoming based upon the Bank's and it's counsel unscrupulous acts. Although the

trial court found that the instant causes of action should be been brought as counterclaims

in the Law Action, the instant actions are distinct from those in the Law Action with

Doherty having the option of filing a new suit.

Section 2-608 of the Illinois Code of Civil Procedure govern counterclaims.

Section 2-608 states,

> "Counterclaims. (a) Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, *may be pleaded* as a cross-claim in any action, and when so pleaded shall be called a counterclaim." 735 ILCS 5/2-608(a).

Illinois courts had held that the word "may" in subsection (a) of the statute

indicated an election is available to defendant and therefore counterclaims in Illinois are

permissive rather than mandatory and the statute does not require that a defendant

immediately assert his rights by counterclaim. *Davis v. Lowery*, 228 Ill. App. 3d 660,

662 (Ill.App.Ct. 1992). The word "may" in the statute indicated an election is available

to the defendant. *YMCA of Warren County v. Middland Architects, Inc.*, 174 Ill.app.3d

966, 971 (3rd Dist. 1998).

In the *YMCA* case, the Court held that plaintiff *was not barred by res judicata*

from bring a separate action where he failed to assert a counterclaim in a prior action

between the parties even though both actions arouse out of the same accident. *Id.*

Similarly in *Carey v. Neal, Cortina and Associates*, the First District was confronted

whether the Illinois plaintiffs in the pending case "could have" asserted a fraud defense to

the Florida mortgage foreclosure proceedings or "could have" filed a counterclaim based

on the alleged fraud for the purposes of res judicata. *Carey v. Neal, Cortina and*

*Associates*, 216 Ill. App. 3d 51 (1st Dist. 1991). The Court answered in the negative

stating that plaintiffs were not barred as a matter of law from making that election to file

counterclaim in the first action or simply file a new fraud action against the defendants.

*Id.* In the absence of a statute or rule of court that requires defendants to asset their

claims as a counterclaim to the plaintiff's lawsuit, the general rule is that the defendant

retains the choice of bringing a separate action against the plaintiff instead of filing a

counterclaim. See Section 22 of the Restatement, Second, Judgments, Comment a p.

185-186). Doherty was not forced to assert his claims in the Bank's forum or

proceedings but is free to bring the instant suit.

 Likewise, in *Davis v. Lowery*, found that there was no identity of a cause of action

when a third-party defendant who, in a previous action, failed to file a counterclaim and

later filed a separate suit. *Davis v. Lowery*, 228 Ill.App.3d 660 (5th Dist. 1992). In the

*Davis* case, the Fifth District held that the third-party defendant in the first suit and

plaintiff in the second suit had the right to wait to assert his claims and bring an

independent action. *Id.* The court reasoned that the word "may" in the statutes indicates

an election is available to defendant and therefore, counterclaims in Illinois are

permissive rather than mandatory and the statute does not require that a defendant

immediately assert his rights by counterclaim. *Id.*

 Although the trial court found that the instant causes of action should have been

brought as counterclaims in the Law Action, the instant actions are distinct from those in

the Law Action with Doherty having the option of filing a new suit. Since counterclaims

in Illinois are permissive, Doherty was not required to assert his claims against the Bank

and the other Defendants in the Law Action and instead has the unfettered right to assert his causes against the Defendant in a separate action.

The trial court's application of *Corcoran-Hakala* case was inappropriate. The *Corcoran-Hakala* held that res judicata bars a subsequent action if successful prosecution of that action would in effect nullify the judgment entered in the initial action. *Corcoran-Hakala v. Dowd,* 362 Ill. App.3d 523, 530 (2nd Dist. 2005). This is an exception to general rule set forth above without any relevancy hereto. The entry of a default judgment against only one named defendant in the Law Action based on an alleged default of his Guaranty doesn't preclude Doherty from asserting his Claims, based in part on the Note not the Guaranty, against the Defendants nor does the instant lawsuit invalidate the Bank's default judgment under the Guaranty Count as to another defendant.

If the facts constituting a defense are also grounds for a counterclaim, the defendant *is not* precluded from bringing a separate suit against the plaintiff by his failure to assert the counterclaim in the plaintiffs action. Comment b to Section 22 of the Restatement (Second) of Judgments. As the claims asserted against Dohery in the Law Action resulted in a voluntary non-suit, without prejudice, the instant lawsuit would have no bearing and/or effect on the Law Action. "In the interests of allowing a party his "day in court," then, the general assumes that the defendant in one lawsuit is not barred from suing the plaintiff in another, as long as the claim in issue is not one that must have been joined in the first suit as a counterclaim, either by statute, rule of court, or by those considerations that are expressed in subsection 22(2)(b)." Since the Court Order fails to employ an exception under the Restatement that would bar the instant lawsuit or provided

rationale therefore, Doherty should be allowed to pursue his Claims against the Defendants.

### c. No Identity of Parties

Although the Court Order fails to reference the last and final requirement of the doctrine of res judicata, identity of the parties of their privies, this requirement is not present. It's undeniable that Bank was the sole plaintiff in the Law Action filed against Doherty. (C256-307). In the instant action, Doherty, however, names as defendants, not only the Bank, but also John Gembara, individually and as president of Bank, Jane Tran, individually, and Crowley & Lamb, P.C. (C 1-47).

In the Motion to Dismiss, Defendants completely bypassed this last and final requirement of res judicata as did the trial court in it's Order. (C 225-337). The *Davis* case cited above, however, addresses the identity of the parties requirement. *Davis*, 228 Ill.App.3d 660 (5th Dist. 1992). In the *Davis* case, the Court found that the plaintiffs in both cases were different and, thus, the identity of parties requirement was not satisfied. *Id.* The only parties involved in the Law Action were the Bank and Doherty with Doherty claims against the Bank's attorney's distinct from his claims against the Bank and it's officers and agents. As an officer of the Court, attorneys obligated to uphold their professional and ethical obligations, Crowley & Lamb, however, violated professional rules of responsibility. The Bank officers and Crowley & Lamb perpetrated a fraud upon the Court and maliciously prosecuted the Law Action by pursing the Bank's claims under a forged Note and improperly asserting liability under a Guaranty. Not only are Doherty's claims against Crowley & Lamb, a non-party in the Law Action, distinct and separate, the claims against Bank's officers may expose them to individual liability in

producing and filing suit on a forged Note. Therefore, this last requirement of *res judicata* is not satisfied.

## II.    Whether res judicata is a sword or a shield?

The primary role of the judiciary branch is to interpret statutes to ascertain and give effect to the intent of the legislature. The plain language of a statute, thus, provides a reliable indicator of legislative intent. As set forth in the dissent in *Hudson*, Section 20(c) of the Restatement of (Second) of Judgments provides that "res judicata does not bar another action by the plaintiff on the same claim "when by statute or rule of court the judgment does not operate as a bar to another action on the same claim." The legislative branch granted under 735 ILCS 5/13-217 a party the absolute right to file a voluntarily dismissed complaint and/or counts within one year of the dismissal or the remainder of the statute of limitations, whichever is greater. Thus, the right created by statute. "Section 13-217 operates as a savings clause statute, with the purpose of facilitating the disposition of litigation on the merits and avoiding its frustration upon grounds unrelated to the merits." *S.C. Vaughan Oil Co. v. Caldwell*, 181 Ill. 2d 498, 497 (1998). As such, "res judicata and the rule against claim-splitting should not be applied mechanically to infringe on plaintiff's legislatively created right to re-file their voluntarily dismissed claim, based on grounds totally divorced from the merits of plaintiffs' claim." *Hudson*, 228 Ill.2d at 498 (dissent). As Doherty's claims against Defendants are bought within the applicable statute of limitations in which Doherty had the option to assert as counterclaim, although the Bank had already voluntarily dismissed their case, or file new suit under the Savings Clause. Doherty, thus, should not have been mulcted from exercising his statutory inferred right to file a suit against Defendants.

"Res judicata and the rule against claim-splitting should not be applied mechanically to infringe on plaintiff's legislatively created right to re-file their voluntarily dismissed claim, based on grounds totally divorced from the merits of plaintiffs' claim." *Hudson,* 228 Ill.2d at 498 (dissent). As Doherty's affirmative defenses in the Law Action were never adjudicated and the Bank voluntary dismissed its suit against Doherty rather than submit to a deposition, Doherty claims against Defendants are not barred by *res judicata* as they are brought with the applicable statute of limitations. The Bank tactfully dismissed its claims against Doherty when it was presented with an expert report relating to the forged Note and the improper suit as to the guaranty to escape liability to Doherty. Notably, the Court in the Law Action was not presented with any facts and/or evidence regarding the Defendants fraud upon the Court. A race to dismiss counts against Doherty in the Law Action prior to an adjudication by the Court of his affirmative defense to avoid liability wholly falls short of the rationale to employ the doctrine of res judicata.

Nothing in the Bank's voluntarily dismissal, without prejudice, against Doherty disposed of the litigation on its merits. (C 392). In fact, in the Law Action, Doherty filed a verified answer and affirmative defense to the Complaint. (C 312-315). The trial court in the Law Action did not make any determination as to the viability of the Bank's Complaint or Doherty's answer or affirmative defenses and, thus, did not issue a final judgment based on the merits. The voluntarily dismissal order, in fact, was without prejudice. (C 392). Nothing in dismissal order relating to claims against Doherty barred Doherty from asserting claims or adjudicated his defenses.

16

If the Court finds that res judicata applies with no exceptions to bar the application of the doctrine, the outcome would essentially give Plaintiffs an incentive to file suit based on other forged and fraudulent loans irrespective of the illegality of the same. There is no rationale to justify such an outcome especially when the Bank voluntarily dismissed its claims against Doherty, without prejudice, knowing that Doherty intended on filing a separate law suit against Bank and its counsel and with his forgery/fraud defense pending and undetermined. The Bank's fraud has never been adjudicated. Doherty is entitle to have his day in Court and res judicata should not be the sword to infringe upon his rights.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff, Patrick J. Doherty, respectfully requests this Court to reverse the trial court's granting of the Defendants' Motion to Dismiss the Amended Complaint and the Motion to Reconsider.

Respectfully submitted,

Patrick J. Doherty

By:_____

Patrick J. Doherty

Patrick J. Doherty
Attorney No. 30723
Patrick J. Doherty, LLC
7826 W. 103rd Street
Palos Hills, Illinois 60465
(708) 598-6626
patrickjdoherty@ameritech.net

## CERTIFICATION OF BRIEF

I certify that this brief conforms to the requirements of Rule 341(a) and (b). The length this brief, excluding the page containing the Rule 341(d) cover, the Rule 341(h)(1) statement of points and authorities, the Rule 341(c) Certificate of Compliance, and the Certificate of Service, is seventeen (17) pages.

By: _____
Patrick J. Doherty

Patrick J. Doherty
Attorney No. 30723
Patrick J. Doherty, LLC
7826 W. 103rd Street
Palos Hills, Illinois 60465
(708) 598-6626
patrickjdoherty@ameritech.net

## POINTS AND AUTHORITIES

Page(s)

NATURE OF CASE............................................................................1

JURISDCITION............................................................................2

    Illinois Supreme Court Rule 303...............................................2

ISSUES PRESENTED FOR REVIEW.....................................................2

STATEMENT OF FACTS.............................................................2-4

STANDARD OF REVIEW............................................................4-5

    I.  Section 2-1401 Motion to Vacate...................................4-5

        *Stahelin v. Forest Preserve District of Du Page* County, 376 Ill. App. 3d 765, 771 (2007).......................................4

        *People v. Vincent*, 226 Ill.2d 1, 14 (2007)......................4

        *United States Steel Corp. v. Illinois Pollution Control Board*, 384 Ill.App.3d 457, 461 (2008)......................................4-5

        *Khan v. BDO Seidman, LLP*, 408 Ill.App.3d 564, 578 (2011)...............5

    II.    Motion to Reconsider....................................................5

        *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App.3d 254 (2008)........5

ARGUMENT............................................................................5-17

    I.    Does a Plaintiff's voluntary non-suit, without prejudice, adjudicate Defendant's affirmative defense and/or causes of actions of fraud and forgery?...............5

        *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (Il S.Ct. 2008)............5

        a.    No Final Judgment................................................5-7

            *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41.......................5

            *Relph v. Board of Education of DePue Unit School District No. 103*, 84 Ill. 2d 436, 441 (1981).......................................5

            *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518...........5-6

1

*In re Detention of Hardin*, 238 Ill. 2d 33, 42-43 (2010). ..............6

*Arnold Schaffer, Inc. v. Goodman*, 73 Ill.App. 3d 729 (1979)........6

*Weilmuenster v. H.H. Hall Construction Company*, 72 Ill. App. 3d 101 (1979)...........................................................................6

*McCaffrey v. Nauman*, 204 Ill. App.3d 761, 764 (1990)............6

*Kostecki v. Dominick's Finer Foods, Inc., of Illinois*, 361 Ill. App. 3d 362 (2005)..........................................................................7

*BankFinancial, FSB v. Tandon*, 2013 Il App (1st) 113152...........7

*Flores v. Dugan*, 91 Ill. 2d 108, 112 (Ill.S.Ct. 1982)................8

    **b.**   **No Identity in Cause of Action**....................9-13

        **i. Independent Claims**............................9-10

*Schlangen v. Resolution Trust Corp.*, 934 F.2d 143 (7th Cir.1991)....................................................................9

*Whitaker v. Ameritech Corporation*, 129 F.3d 952, 955-56 (7th Cir. 1997).........................................................9-10

        **ii.**   **Counterclaims**................................10-13

735 ILCS 5/2-608(a)............................................11

*Davis v. Lowery*, 228 Ill. App. 3d 660 (1992)................11-12

*YMCA of Warren County v. Middland Architects, Inc.*, 174 Ill .3d 966 (1998)..................................................................11

*Carey v. Neal, Cortina and Associates*, 216 Ill. App. 3d 51 (1st Dist. 1991)...................................................................11-12

*Corcoran-Hakala v. Dowd,* 362 Ill. App.3d 523, 530 (2005).....13

    **c.**   **No Identity of Parties**

*Davis v. Lowery*, 228 Ill. App. 3d 660 (1992).......................14

**II.**   **Whether res judicata is a sword or a shield?**.................15-17

735 ILCS 5/13-217..............................................................15

*S.C. Vaughan Oil Co. v. Caldwell*, 181 Ill. 2d 498 (1998)................15

*Hudson v. City of Chicago,* 228 Ill. 2d 462, 467 (Il S.Ct. 2008).........15-16

# Exhibit "A"

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

Washington Federal Bank for Savings

                Plaintiff,

         vs

F & D Services, Inc., an Illinois Corporation; Worth Conversion, LLC, an Illinois Limited Liability Company; John Farano, Jr.; and Patrick J. Doherty

              Defendants.

No.

## COMPLAINT AT LAW

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for its Complaint at Law against Defendants F & D Services, Inc., an Illinois Corporation; John Farano, Jr.; and Patrick J. Doherty states as follows:

## RECITALS

1.     Washington is a federal savings bank with its principal place of business in Cook County, Illinois.

2.     F & D Services, Inc. ("F & D Services") is an Illinois Corporation with its principal place of business in Palos Hills, Cook County, Illinois.

3.     Worth Conversion, LLC ("Woth") is an Illinois limited liability company with its principal place of business in Palos Hills, Cook County, Illinois.

4.     Defendant John Farano, Jr. ("Farano") is an individual, upon information and

belief, whose last known principal place of residence was in Cook County, Illinois, however, whom is presently detained in Federal Bureau of Prisons in Duluth, Minnesota.

5.      Defendant Patrick J. Doherty ("Doherty") is an individual, upon information and belief, presently residing in Palos Park, Cook County, Illinois.

## COUNT I
## Breach of Contract

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count I complains of F & D Services as follows:

6.      Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 6 of this Count I.

7.      On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $111,236.84. Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX491 Note"). A true and correct copy of the XX491 Note is attached hereto and made a part hereof as **Exhibit 1**.

8.      As consideration for the execution of the XX491 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7149 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482 ("Property"). A true and correct copy of the Mortgage is attached hereto and made a part hereof as **Exhibit 2**.

9.      Washington complied with and performed all of its duties and obligations under the terms of the XX491 Note.

10.     Pursuant to the XX491 Note, F & D Services was to make monthly payments until such time as the XX491 Note was set to mature on March 1, 2014.

11.     That a default occurred under the XX491 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

12.     On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 3**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

13.     As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX491 Note.

14.     After credit for all payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX491 Note. Interest continues to accrue on the unpaid balance of the XX491 Note at the default rate, as set forth in the XX491 Note.

15.     Under the terms of the XX491 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX491 Note.

16.     Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX491 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of

its rights under the XX491 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX491 Note, and for such other relief as this Court deems just and reasonable.

## COUNT II
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count II complains of John Farano, Jr. as follows:

17.     Washington adopts and re-alleges the allegations in paragraphs 1 through 16 as paragraph 17 of this Count II.

18.     As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX491 Note by F & D Services (the "Farano Guaranty"). A true and correct copy of the Farano Guaranty is attached here an incorporated as Exhibit 4.

19.     The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX491 Note or any

4

extension, renewal or modification thereof. Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX491 Note.

20. On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 3**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

21. Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

22. After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX491 Note and Farano Guaranty. Interest continues to accrue on the unpaid balance of the XX491 Note at the rate set forth in the XX491 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX491 Note, and for such other relief as this Court deems just and reasonable.

5

C  260

## COUNT III
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count III complains of Patrick J. Doherty ("Doherty") as follows:

23.     Washington adopts and re-alleges the allegations in paragraphs 1 through 16 as paragraph 23 of this Count III.

24.     As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX491 Note by F & D Services (the "Doherty Guaranty").   A true and correct copy of the Doherty Guaranty is attached here an incorporated as **Exhibit 5**.

25.     The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX491 Note or any extension, renewal or modification thereof.   Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX491 Note.

26.     On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the

6

notice dated February 4, 2014 is attached hereto as <u>Exhibit 3</u>. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

27.    Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

28.    After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX491 Note and Doherty Guaranty.   Interest continues to accrue on the unpaid balance of the XX491 Note at the rate set forth in the XX491 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX491 Note, and for such other relief as this Court deems just and reasonable.

**COUNT IV**
<u>Breach of Contract</u>

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count IV complains of F & D Services as follows:

29.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as

7

paragraph 29 of this Count IV.

30.    On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $111,236.84.   Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX506 Note").   A true and correct copy of the XX506 Note is attached hereto and made a part hereof as __Exhibit 6__.

31.    As consideration for the execution of the XX506 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7151 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482 ("Property").   A true and correct copy of the Mortgage is attached hereto and made a part hereof as __Exhibit 7__.

32.    Washington complied with and performed all of its duties and obligations under the terms of the XX506 Note.

33.    Pursuant to the XX506 Note, F & D Services was to make monthly payments until such time as the XX506 Note was set to mature on March 1, 2014.

34.    That a default occurred under the XX506 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

35.    On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and

correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 8**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

36.     As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX506 Note.

37.     After credit for all payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX506 Note. Interest continues to accrue on the unpaid balance of the XX506 Note at the default rate, as set forth in the XX506 Note.

38.     Under the terms of the XX506 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX506 Note.

39.     Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX506 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX506 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX506 Note, and for such other relief as this Court deems just and reasonable.

**COUNT V**
Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and

9

through its attorneys, Crowley and Lamb, P.C., and for Count V complains of John Farano, Jr. as follows:

40.     Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 30 through 39 as paragraph 40 of this Count V.

41.     As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX506 Note by F & D Services (the "Farano Guaranty"). A true and correct copy of the Farano Guaranty is attached here an incorporated as **Exhibit 9.**

42.     The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX506 Note or any extension, renewal or modification thereof. Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX506 Note.

43.     On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 8.** Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

10

44.     Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

45.     After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX506 Note and Farano Guaranty.   Interest continues to accrue on the unpaid balance of the XX506 Note at the rate set forth in the XX506 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX506 Note, and for such other relief as this Court deems just and reasonable.

## COUNT VI
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count VI complains of Patrick J. Doherty ("Doherty") as follows:

46.     Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 30 through 39 as paragraph 46 of this Count VI.

47.     As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to

11

Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX506 Note by F & D Services (the "Doherty Guaranty"). A true and correct copy of the Doherty Guaranty is attached here an incorporated as **Exhibit 10**.

48. The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX506 Note or any extension, renewal or modification thereof. Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX506 Note.

49. On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 8**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

50. Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

51. After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX506 Note and

Doherty Guaranty. Interest continues to accrue on the unpaid balance of the XX506 Note at the rate set forth in the XX506 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX506 Note, and for such other relief as this Court deems just and reasonable.

## COUNT VII
### Breach of Contract

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count VII complains of F & D Services as follows:

52.     Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 52 of this Count VII.

53.     On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $111,236.84. Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX514 Note"). A true and correct copy of the XX514 Note is attached hereto and made a part hereof as **Exhibit 11**.

54.     As consideration for the execution of the XX514 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7155 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482

13

("Property"). A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit 12.

55.     Washington complied with and performed all of its duties and obligations under the terms of the XX514 Note.

56.     Pursuant to the XX514 Note, F & D Services was to make monthly payments until such time as the XX514 Note was set to mature on March 1, 2014.

57.     That a default occurred under the XX514 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

58.     On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as Exhibit 13. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

59.     As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX514 Note.

60.     After credit for all payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX514 Note. Interest continues to accrue on the unpaid balance of the XX514 Note at the default rate, as set forth in the XX514 Note.

14

61. Under the terms of the XX514 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX514 Note.

62. Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX514 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX514 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX514 Note, and for such other relief as this Court deems just and reasonable.

## COUNT VIII
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count VIII complains of John Farano, Jr. as follows:

63. Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 53 through 62 as paragraph 63 of this Count VIII.

64. As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX514 Note by F & D Services (the

15

"Farano Guaranty"). A true and correct copy of the Farano Guaranty is attached here an incorporated as Exhibit 14.

65.    The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX514 Note or any extension, renewal or modification thereof. Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX514 Note.

66.    On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as Exhibit 13. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

67.    Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

68.    After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX514 Note and Farano Guaranty. Interest continues to accrue on the unpaid balance of the XX514 Note at the rate set forth in the XX514 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX514 Note, and for such other relief as this Court deems just and reasonable.

## COUNT IX
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count IX complains of Patrick J. Doherty ("Doherty") as follows:

69.     Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 53 through 62 as paragraph 69 of this Count IX.

70.     As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX514 Note by F & D Services (the "Doherty Guaranty"). A true and correct copy of the Doherty Guaranty is attached here an incorporated as Exhibit 15.

71.     The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX514 Note or any extension, renewal or modification thereof. Based on the terms of the Doherty Guaranty,

17

Doherty became obligated to Washington for all amounts due in connection with the XX514 Note.

72.   On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 13**.   Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

73.   Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

74.   After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX514 Note and Doherty Guaranty.   Interest continues to accrue on the unpaid balance of the XX514 Note at the rate set forth in the XX514 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX514 Note, and for such other relief as this Court deems just and reasonable.

## COUNT X
### Breach of Contract

18

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count X complains of F & D Services as follows:

75.     Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 75 of this Count X.

76.     On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $111,236.84. Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX483 Note"). A true and correct copy of the XX483 Note is attached hereto and made a part hereof as **Exhibit 16**.

77.     As consideration for the execution of the XX483 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7145 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482 ("Property"). A true and correct copy of the Mortgage is attached hereto and made a part hereof as **Exhibit 17**.

78.     Washington complied with and performed all of its duties and obligations under the terms of the XX483 Note.

79.     Pursuant to the XX483 Note, F & D Services was to make monthly payments until such time as the XX483 Note was set to mature on March 1, 2014.

80.     That a default occurred under the XX483 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without

Washington's consent.

81.     On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.     A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 18**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

82.     As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX483 Note.

83.     After credit for all payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX483 Note. Interest continues to accrue on the unpaid balance of the XX483 Note at the default rate, as set forth in the XX483 Note.

84.     Under the terms of the XX483 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX483 Note.

85.     Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX483 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX483 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all

attorneys' fees and costs of enforcing Washington's rights under the terms of the XX483 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XI
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XI complains of John Farano, Jr. as follows:

86.     Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 76 through 85 as paragraph 86 of this Count XI.

87.     As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX483 Note by F & D Services (the "Farano Guaranty").   A true and correct copy of the Farano Guaranty is attached here an incorporated as **Exhibit 19**.

88.     The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX483 Note or any extension, renewal or modification thereof.   Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX483 Note.

89.     On February 4, 2014, notice of default was sent advising of the default and

21

demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as Exhibit 18. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

90. Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

91. After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX483 Note and Farano Guaranty. Interest continues to accrue on the unpaid balance of the XX483 Note at the rate set forth in the XX483 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX483 Note, and for such other relief as this Court deems just and reasonable.

COUNT XII
Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XII complains of Patrick J. Doherty ("Doherty") as follows:

22

92.     Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 76 through 85 as paragraph 92 of this Count XII.

93.     As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX483 Note by F & D Services (the "Doherty Guaranty"). A true and correct copy of the Doherty Guaranty is attached here an incorporated as **Exhibit 20**.

94.     The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX483 Note or any extension, renewal or modification thereof. Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX483 Note.

95.     On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 18**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

96.     Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty

23

C    278

Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

97.    After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX483 Note and Doherty Guaranty.    Interest continues to accrue on the unpaid balance of the XX483 Note at the rate set forth in the XX483 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX483 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XIII
## Breach of Contract

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XIII complains of F & D Services as follows:

98.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 98 of this Count XIII.

99.    On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $111,236.84.    Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX494 Note").    A true and correct copy of the XX494 Note is attached hereto and made a part hereof as Exhibit 21.

24

100.    As consideration for the execution of the XX494 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7143 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482 ("Property").   A true and correct copy of the Mortgage is attached hereto and made a part hereof as <u>Exhibit 22</u>.

101.    Washington complied with and performed all of its duties and obligations under the terms of the XX494 Note.

102.    Pursuant to the XX494 Note, F & D Services was to make monthly payments until such time as the XX494 Note was set to mature on March 1, 2014.

103.    That a default occurred under the XX494 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

104.    On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as <u>Exhibit 23</u>. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

105.    As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX494 Note.

106.    After credit for all payments received by Washington, as of February 24, 2014

25

the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX494 Note. Interest continues to accrue on the unpaid balance of the XX494 Note at the default rate, as set forth in the XX494 Note.

107.    Under the terms of the XX494 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX494 Note.

108.    Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX494 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX494 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX494 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XIV
## Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XIV complains of John Farano, Jr. as follows:

109.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 99 through 108 as paragraph 109 of this Count XIV.

110.    As consideration for Washington's agreement to extend credit to F & D Services

then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX494 Note by F & D Services (the "Farano Guaranty"). A true and correct copy of the Farano Guaranty is attached here an incorporated as **Exhibit 24**.

111. The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX494 Note or any extension, renewal or modification thereof. Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX494 Note.

112. On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 23**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

113. Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

114. After credit for payments received by Washington, as of February 24, 2014 the

amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX494 Note and Farano Guaranty.   Interest continues to accrue on the unpaid balance of the XX494 Note at the rate set forth in the XX494 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX494 Note, and for such other relief as this Court deems just and reasonable.

**COUNT XV**
**Breach of Guaranty**

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XV complains of Patrick J. Doherty ("Doherty") as follows:

115.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 99 through 108 as paragraph 115 of this Count XV.

116.    As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX494 Note by F & D Services (the "Doherty Guaranty").    A true and correct copy of the Doherty Guaranty is attached here an incorporated as **Exhibit 25**.

117.    The Doherty Guaranty provides in part that Doherty, absolutely and

28

unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX494 Note or any extension, renewal or modification thereof. Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX494 Note.

118. On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 23**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

119. Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

120. After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX494 Note and Doherty Guaranty. Interest continues to accrue on the unpaid balance of the XX494 Note at the rate set forth in the XX494 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all

attorneys' fees and costs of enforcing Washington's rights under the terms of the XX494 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XVI
### Breach of Contract

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XVI complains of F & D Services as follows:

121.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 121 of this Count XVI.

122.    On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $111,236.84. Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX486 Note"). A true and correct copy of the XX486 Note is attached hereto and made a part hereof as __Exhibit 26__.

123.    As consideration for the execution of the XX486 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7137 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482 ("Property"). A true and correct copy of the Mortgage is attached hereto and made a part hereof as __Exhibit 27__.

124.    Washington complied with and performed all of its duties and obligations under the terms of the XX486 Note.

125.    Pursuant to the XX486 Note, F & D Services was to make monthly payments until such time as the XX486 Note was set to mature on March 1, 2014.

126.    That a default occurred under the XX486 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

127.    On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 28**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

128.    As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX486 Note.

129.    After credit for all payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX486 Note. Interest continues to accrue on the unpaid balance of the XX486 Note at the default rate, as set forth in the XX486 Note.

130.    Under the terms of the XX486 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX486 Note.

131.    Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX486 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX486 Note.

31

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX486 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XVII
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XVII complains of John Farano, Jr. as follows:

132.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 122 through 131 as paragraph 132 of this Count XVII.

133.    As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX486 Note by F & D Services (the "Farano Guaranty").    A true and correct copy of the Farano Guaranty is attached here an incorporated as Exhibit 29.

134.    The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX486 Note or any extension, renewal or modification thereof.    Based on the terms of the Farano Guaranty,

32

Farano became obligated to Washington for all amounts due in connection with the XX486 Note.

135.    On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as __Exhibit 28__.   Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

136.    Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

137.    After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX486 Note and Farano Guaranty.   Interest continues to accrue on the unpaid balance of the XX486 Note at the rate set forth in the XX486 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX486 Note, and for such other relief as this Court deems just and reasonable.

COUNT XVIII
Breach of Guaranty

33

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XVIII complains of Patrick J. Doherty ("Doherty") as follows:

138. Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 122 through 131 as paragraph 138 of this Count XVIII.

139. As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX486 Note by F & D Services (the "Doherty Guaranty"). A true and correct copy of the Doherty Guaranty is attached here an incorporated as **Exhibit 30**.

140. The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX486 Note or any extension, renewal or modification thereof. Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX486 Note.

141. On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 28**. Notwithstanding Plaintiff's

34

demand, F & D Services failed to cure the default.

142.    Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

143.    After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,129.40, excluding attorneys' fees and costs, is due under the XX486 Note and Doherty Guaranty.   Interest continues to accrue on the unpaid balance of the XX486 Note at the rate set forth in the XX486 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 108,129.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX486 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XIX
### Breach of Contract

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XIX complains of F & D Services as follows:

144.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 144 of this Count XIX.

35

145.    On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $128,342.50.    Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX478 Note").    A true and correct copy of the XX478 Note is attached hereto and made a part hereof as <u>Exhibit 31</u>.

146.    As consideration for the execution of the XX478 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7135 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482 ("Property").    A true and correct copy of the Mortgage is attached hereto and made a part hereof as <u>Exhibit 32</u>.

147     Washington complied with and performed all of its duties and obligations under the terms of the XX478 Note.

148.    Pursuant to the XX478 Note, F & D Services was to make monthly payments until such time as the XX478 Note was set to mature on March 1, 2014.

149.    That a default occurred under the XX478 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

150.    On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.    A true and correct copy of the notice dated February 4, 2014 is attached hereto as <u>Exhibit 33</u>.

36

Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

151.    As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX478 Note.

152.    After credit for all payments received by Washington, as of February 24, 2014 the amount of $ 124,629.44, excluding attorneys' fees and costs, is due under the XX478 Note. Interest continues to accrue on the unpaid balance of the XX478 Note at the default rate, as set forth in the XX478 Note.

153.    Under the terms of the XX478 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX478 Note.

154.    Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX478 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX478 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 124,629.44, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX478 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XX
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XX complains of John Farano, Jr. as

37

follows:

155.   Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 145 through 154 as paragraph 155 of this Count XX.

156.   As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX478 Note by F & D Services (the "Farano Guaranty"). A true and correct copy of the Farano Guaranty is attached here an incorporated as Exhibit 34.

157.   The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX478 Note or any extension, renewal or modification thereof. Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX478 Note.

158.   On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as Exhibit 33. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

159.   Based on the foregoing, Farano is in breach under his obligations under the

Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

160.    After credit for payments received by Washington, as of February 24, 2014 the amount of $ 124,629.44, excluding attorneys' fees and costs, is due under the XX478 Note and Farano Guaranty.    Interest continues to accrue on the unpaid balance of the XX478 Note at the rate set forth in the XX478 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 124,629.44, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX478 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XXI
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XXI complains of Patrick J. Doherty ("Doherty") as follows:

161.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 145 through 154 as paragraph 161 of this Count XXI.

162.    As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he

39

agreed to pay all amounts due Washington under the XX478 Note by F & D Services (the "Doherty Guaranty"). A true and correct copy of the Doherty Guaranty is attached here an incorporated as **Exhibit 35**.

163. The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX478 Note or any extension, renewal or modification thereof. Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX478 Note.

164. On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice. A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 33**. Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

165. Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

166. After credit for payments received by Washington, as of February 24, 2014 the amount of $124,629.44, excluding attorneys' fees and costs, is due under the XX478 Note and Doherty Guaranty. Interest continues to accrue on the unpaid balance of the XX478 Note at

the rate set forth in the XX478 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 124,629.44, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX478 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XXII
### Breach of Contract

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XXII complains of F & D Services as follows:

167.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 167 of this Count XXII.

168.    On or about March 1, 2011, Washington extended credit to F & D Services in the principal amount of $111,236.84. Said extension of credit was evidenced by a certain Promissory Note dated March 1, 2011 (the "XX460 Note"). A true and correct copy of the XX460 Note is attached hereto and made a part hereof as **Exhibit 36**.

169.    As consideration for the execution of the XX460 Note, F & D Services executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7131 W. 107th Street, Units A, B, C, D, Worth, Illinois 60482 ("Property"). A true and correct copy of the Mortgage is attached hereto and made a part

41

hereof as **Exhibit 37.**

170.  Washington complied with and performed all of its duties and obligations under the terms of the XX460 Note.

171.  Pursuant to the XX460 Note, F & D Services was to make monthly payments until such time as the XX460 Note was set to mature on March 1, 2014.

172.  That a default occurred under the XX460 Note, based on F & D Services' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

173.  On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.  A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 38.** Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

174.  As a result of F & D Services' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX460 Note.

175.  After credit for all payments received by Washington, as of February 24, 2014 the amount of $ 108,176.40, excluding attorneys' fees and costs, is due under the XX460 Note. Interest continues to accrue on the unpaid balance of the XX460 Note at the default rate, as set forth in the XX460 Note.

176.  Under the terms of the XX460 Note, Washington is entitled to recover all

attorneys' fees and costs, in connection with enforcing its rights under the XX460 Note.

177.    Based on the foregoing, F & D Services is in breach under the terms of his obligation under the XX460 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX460 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant F & D Services in the amount of $ 108,176.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX460 Note, and for such other relief as this Court deems just and reasonable.

## COUNT XXIII
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XXIII complains of John Farano, Jr. as follows:

178.    Washington adopts and re-alleges the allegations in paragraphs 1 through 4 and paragraphs 168 through 177 as paragraph 178 of this Count XXIII.

179.    As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX460 Note by F & D Services (the "Farano Guaranty"). A true and correct copy of the Farano Guaranty is attached here an

43

incorporated as __Exhibit 39__.

180.   The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX460 Note or any extension, renewal or modification thereof.   Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX460 Note.

181.   On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as __Exhibit 38__.   Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

182.   Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

183.   After credit for payments received by Washington, as of February 24, 2014 the amount of $ 108,176.40, excluding attorneys' fees and costs, is due under the XX460 Note and Farano Guaranty.   Interest continues to accrue on the unpaid balance of the XX460 Note at the rate set forth in the XX460 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that

44

this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 108,176.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX460 Note, and for such other relief as this Court deems just and reasonable.

### COUNT XXIV
### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XXIV complains of Patrick J. Doherty ("Doherty") as follows:

184.    Washington adopts and re-alleges the allegations in paragraphs 1 through 4 and paragraphs 168 through 177 as paragraph 184 of this Count XXIV.

185.    As consideration for Washington's agreement to extend credit to F & D Services then, and in the future, on or about March 1, 2011, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX460 Note by F & D Services (the "Doherty Guaranty"). A true and correct copy of the Doherty Guaranty is attached here an incorporated as Exhibit 40.

186.    The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX460 Note or any extension, renewal or modification thereof. Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX460

45

Note.

187.     On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.     A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 38**.     Notwithstanding Plaintiff's demand, F & D Services failed to cure the default.

188.     Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

189.     After credit for payments received by Washington, as of February 24, 2014 the amount of $108,176.40, excluding attorneys' fees and costs, is due under the XX460 Note and Doherty Guaranty.     Interest continues to accrue on the unpaid balance of the XX460 Note at the rate set forth in the XX460 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 108,176.40, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX460 Note, and for such other relief as this Court deems just and reasonable.

### COUNT XXV
### Breach of Contract

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and

46

through its attorneys, Crowley and Lamb, P.C., and for Count XXV complains of Worth Conversion, LLC ("Worth") as follows:

190.   Washington adopts and re-alleges the allegations in paragraphs 1 through 5 as paragraph 190 of this Count XXV.

191.   On or about May 5, 2008, Washington extended credit to Worth in the principal amount of $500,600.00.   Said extension of credit was evidenced by a certain Promissory Note dated May 5, 2008 and was amended by a certain Extension of Note dated May 1, 2010.   The Promissory Note and Extension to Note are collectively hereinafter the "XX972 Note" (True and correct copy of the XX972 Note is attached hereto and made a part hereof as Exhibit 41.)

192.   As consideration for the execution of the XX972 Note, Worth executed a mortgage, as amended and modified, in favor of Washington which was recorded against real property commonly known as 7129-31 W. 107th Street, Worth, Illinois 60482 ("Property").   A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit 42.

193.   Washington complied with and performed all of its duties and obligations under the terms of the XX972 Note.

194.   Pursuant to the XX972 Note, Worth was to make monthly payments until such time as the XX972 Note was set to mature on March 1, 2014.

195.   That a default occurred under the XX972 Note, based on Worth' failure to pay the real estate taxes when due for the Property for the tax years 2011 and 2012 and for decertifying the Property and taking same out of the condominium declaration without Washington's consent.

47

196.    On February 4, 2014, notice of default was sent to the Mortgagor advising it of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 43**. Notwithstanding Plaintiff's demand, Worth failed to cure the default.

197.    As a result of Worth' failure to cure the default, Washington accelerated the Note claiming all amounts immediately due and owing under the XX972 Note.

198.    After credit for all payments received by Washington, as of February 24, 2014 the amount of $218,046.14, excluding attorneys' fees and costs, is due under the XX972 Note. Interest continues to accrue on the unpaid balance of the XX972 Note at the default rate, as set forth in the XX972 Note.

199.    Under the terms of the XX972 Note, Washington is entitled to recover all attorneys' fees and costs, in connection with enforcing its rights under the XX972 Note.

200.    Based on the foregoing, Worth is in breach under the terms of his obligation under the XX972 Note and Washington is entitled to recover all amounts due under said Note, including attorneys' fees and costs incurred, in connection with the enforcement of its rights under the XX972 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Worth in the amount of $ 218,046.14, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX972 Note,

48

and for such other relief as this Court deems just and reasonable.

## COUNT XXVI
## Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XXIII complains of John Farano, Jr. as follows:

201.    Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 191 through 200 as paragraph 201 of this Count XXIII.

202.    As consideration for Washington's agreement to extend credit to Worth then, and in the future, on or about April 17, 2006, Farano executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX972 Note by Worth (the "Farano Guaranty").   A true and correct copy of the Farano Guaranty is attached here an incorporated as **Exhibit 44**.

203.    The Farano Guaranty provides in part that Farano, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX972 Note or any extension, renewal or modification thereof.   Based on the terms of the Farano Guaranty, Farano became obligated to Washington for all amounts due in connection with the XX972 Note.

204.    On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the

49

notice dated February 4, 2014 is attached hereto as **Exhibit 43**.  Notwithstanding Plaintiff's demand, Worth failed to cure the default.

205.   Based on the foregoing, Farano is in breach under his obligations under the Farano Guaranty and Washington is entitled to recover all amounts due under said Farano Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

206.   After credit for payments received by Washington, as of February 24, 2014 the amount of $ 218,046.14, excluding attorneys' fees and costs, is due under the XX972 Note and Farano Guaranty.   Interest continues to accrue on the unpaid balance of the XX972 Note at the rate set forth in the XX972 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant John Farano, Jr. in the amount of $ 218,046.14, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX972 Note, and for such other relief as this Court deems just and reasonable.

### COUNT XXVII
#### Breach of Guaranty

NOW COMES Washington Federal Bank for Savings ("Plaintiff" or "Washington"), by and through its attorneys, Crowley and Lamb, P.C., and for Count XXIV complains of Patrick J. Doherty ("Doherty") as follows:

207.   Washington adopts and re-alleges the allegations in paragraphs 1 through 5 and paragraphs 191 through 200 as paragraph 207 of this Count XXIV.

50

208.    As consideration for Washington's agreement to extend credit to Worth then, and in the future, on or about April 17, 2006, Doherty executed and delivered to Washington his continuing unconditional guaranty of payment and performance, whereby he agreed to pay all amounts due Washington under the XX972 Note by Worth (the "Doherty Guaranty").   A true and correct copy of the Doherty Guaranty is attached here an incorporated as **Exhibit 45**.

209.    The Doherty Guaranty provides in part that Doherty, absolutely and unconditionally guarantees to Washington, as primary obligor, to pay all amounts of principal, interest, fees, charges and other amounts at any time outstanding under the XX972 Note or any extension, renewal or modification thereof.   Based on the terms of the Doherty Guaranty, Doherty became obligated to Washington for all amounts due in connection with the XX972 Note.

210.    On February 4, 2014, notice of default was sent advising of the default and demanding that said defaults be cured on or before February 14, 2014 or Washington would declare the loan immediately payable without further notice.   A true and correct copy of the notice dated February 4, 2014 is attached hereto as **Exhibit 43**.   Notwithstanding Plaintiff's demand, Worth failed to cure the default.

211.    Based on the foregoing, Doherty is in breach under his obligations under the Doherty Guaranty and Washington is entitled to recover all amounts due under said Doherty Guaranty, including attorney's fees and costs incurred in connection with the enforcement of its rights.

212.    After credit for payments received by Washington, as of February 24, 2014 the

51

amount of $218,046.14, excluding attorneys' fees and costs, is due under the XX972 Note and Doherty Guaranty.   Interest continues to accrue on the unpaid balance of the XX972 Note at the rate set forth in the XX972 Note.

WHEREFORE, Plaintiff, Washington Federal Bank for Savings respectfully requests that this Court enter judgment against Defendant Patrick J. Doherty in the amount of $ 218,046.14, plus interest accruing from February 24, 2014, through the date of judgment, as well as all attorneys' fees and costs of enforcing Washington's rights under the terms of the XX972 Note, and for such other relief as this Court deems just and reasonable.

Respectfully Submitted,

Washington Federal Bank for Savings

By:
One of its Attorneys

James M. Crowley
Christopher S. Fowler
CROWLEY & LAMB, P.C.
221 N. LaSalle Street, Suite 1550
Chicago, Illinois 60601
(312) 670-6900
Attorney No. 41373

52

# Exhibit "B"

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

WASHINGTON FEDERAL BANK )
FOR SAVINGS, )
   *Plaintiff,* )
       )
   vs.   )  No. 2014 L 2411
       )
F & D SERVICES, INC., an Illinois )
Corporation; WORTH )
CONVERSION, LLC, an Illinois )
Limited Liability Company; JOHN )
FARANO, JR.; and PATRICK J. )
DOHERTY )
   *Defendant.* )

## ANSWERS TO
## COMPLAINT AT LAW

  NOW COMES, the Defendant's, by and through their attorney, Patrick J. Doherty, in Response to Plaintiff's Complaint at Law, states as follows:

  1. Defendant's admit the allegations contained in paragraph one (1) of Plaintiff's Complaint at Law.

  2. Defendant's deny the allegations contained in paragraph two (2) of Plaintiff's Complaint at Law.

  3. Defendant's deny the allegations contained in paragraph three (3) of Plaintiff's Complaint at Law.

  4. Defendant's admit the allegations contained in paragraph four (4) of Plaintiff's Complaint at Law.

  5. Defendant's admit the allegations contained in paragraph five (5) of Plaintiff's Complaint at Law.

WHEREFORE, Defendant's, respectfully requests that the Plaintiff's Complaint at Law be dismissed and costs and attorney's fees be awarded to Defendants.

## COUNT XXV
## BREACH OF CONTRACT

NOW COMES, the Defendant's, by and through their attorney, Patrick J. Doherty, in Response to Plaintiff's Complaint at Law, states as follows:

190.    Defendant's deny the allegations contained in paragraph one hundred ninety (190) of Plaintiff's Complaint at Law.

191.    Defendant's deny the allegations contained in paragraph one hundred ninety-one (191) of Plaintiff's Complaint at Law.

192.    Defendant's deny the allegations contained in paragraph one hundred ninety-two (192) of Plaintiff's Complaint at Law.

193.    Defendant's deny the allegations contained in paragraph one hundred ninety-three (193) of Plaintiff's Complaint at Law.

194.    Defendant's deny the allegations contained in paragraph one hundred ninety-four (194) of Plaintiff's Complaint at Law.

195.    Defendant's deny the allegations contained in paragraph one hundred ninety-five (195) of Plaintiff's Complaint at Law.

196.    Defendant's deny the allegations contained in paragraph one hundred ninety-six (196) of Plaintiff's Complaint at Law.

197.    Defendant's deny the allegations contained in paragraph one hundred ninety-seven (197) of Plaintiff's Complaint at Law.

198.    Defendant's deny the allegations contained in paragraph one hundred ninety-eight (198) of Plaintiff's Complaint at Law.

C 313

199. Defendant's deny the allegations contained in paragraph one hundred ninety-nine (199) of Plaintiff's Complaint at Law.

200. Defendant's deny the allegations contained in paragraph two hundred (200) of Plaintiff's Complaint at Law.

WHEREFORE, Defendant's, respectfully requests that the Plaintiff's Complaint be dismissed and costs and attorney's fees be awarded to Defendant.

## COUNT XXVII
## BREACH OF CONTRACT

NOW COMES, the Defendant's, by and through their attorney, Patrick J. Doherty, in Response to Plaintiff's Complaint at Law, states as follows:

207. Defendant's deny the allegations contained in paragraph two hundred and seven (207) of Plaintiff's Complaint at Law.

208. Defendant's deny the allegations contained in paragraph two hundred and eight (208) of Plaintiff's Complaint at Law.

209. Defendant's deny the allegations contained in paragraph two hundred and nine (209) of Plaintiff's Complaint at Law.

210. Defendant's deny the allegations contained in paragraph two hundred and ten (210) of Plaintiff's Complaint at Law.

211. Defendant's deny the allegations contained in paragraph two hundred eleven (211) of Plaintiff's Complaint at Law.

212. Defendant's deny the allegations contained in paragraph two hundred twelve (212) of Plaintiff's Complaint at Law.

WHEREFORE, Defendant's, respectfully requests that the Plaintiff's Complaint be dismissed and costs and attorney's fees be awarded to Defendant.

3

C 314

## AFFIRMATIVE DEFENSES

1.      The Plaintiff without Defendant's consent executed documents to extend the loan and charge loan origination fees and an interest rate that was not agreed upon by the parties.

2.      The Plaintiff called due the loan prior to expiration without any missed payments or good cause, for a loan in good standing.

3.      The Plaintiff through its attorney overcharged and filed multiple foreclosures against Defendants to cause the Defendants to incur unreasonable charges.

4.      The Plaintiff has failed to tender an itemized breakdown of loans repaid within thirty (30) days despite numerous requests which is in violation of the Fair Debt and Collection Act, as well as, violation of Federal Lending Laws.

Attorney for Defendant

BY: _____

PATRICK J. DOHERTY

PATRICK J. DOHERTY
Attorney at Law
Attorney for Defendant
7826 West 103rd Street
Palos Hills, Illinois 60465
Telephone No: (708) 598-6626
Facsimile No: (708) 598-8778

4

C 315

# Exhibit "C"