IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK J. DOHERTY, | ) |
| | ) Case No. 18 CV 703 |
| Plaintiff, | ) |
| | ) Judge Joan B. Gottschall |
| v. | ) |
| | ) |
| WASHINGTON FEDERAL BANK FOR SAVINGS, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

This case comes before the court after removal not from a state trial court, which is typical, but from the Illinois Appellate Court. In 2016, Plaintiff Patrick Doherty filed a five-count complaint in the Circuit Court of Cook County, Illinois, against Washington Federal Bank for Savings ("Washington Federal"), its outside counsel, and two of its officers. *See* Compl., ECF No. 1-2 (filed June 28, 2016). The defendants prevailed in the state trial court. Doherty appealed to the Illinois Appellate Court, 1st District. He filed an opening brief in November 2017. Notice of Removal Ex. C, ECF No. 1-3. But Washington Federal was closed before its response brief was due. On December 15, 2017, the Office of the Comptroller of the Currency appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for Washington Federal. Notice of Removal ¶ 7, ECF No. 1. The FDIC's appointment started the process that led to this case's removal and a process for resolving claims against Washington Federal that led to the filing of the pending motion to stay and motion to lift stay.

In its capacity as receiver, the FDIC's role is to "wind up the affairs of failed institutions, including selling assets and paying creditors' claims." *Miller v. FDIC*, 738 F.3d 836, 838 n1. (7th Cir. 2013) (quoting *DeCell & Assocs. v. FDIC*, 36 F.3d 464, 469 (5th Cir. 1994)) (brackets

omitted)).  The FDIC, acting as receiver, "acquires the assets and legal interests of the failed bank and proceeds much as a trustee in bankruptcy . . . ."  *FDIC v. Ernst & Young LLP*, 374 F.3d 579, 581 (7th Cir. 2004) (citing 12 U.S.C. § 1821(g)).

Congress has authorized the removal to federal court of suits to which the FDIC is a party.  With exceptions not applicable here, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."  12 U.S.C. § 1819; *see also* 28 U.S.C. § 1331.  Under 12 U.S.C. § 1819(b)(2), the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date . . . the [FDIC] is substituted as a party."  The Illinois Appellate Court granted the FDIC's motion to substitute it for Washington Federal on January 24, 2018.  Order 1, ECF No. 1-1.  The FDIC removed the case to this court six days later.  *See* Notice Removal 4.

The FDIC also began the statutory process for resolving claims against Washington Federal.  *See* 12 U.S.C. § 1821 (i)(3), (d)(5).  The FDIC must give potential creditors at least ninety days to file claims.  § 1821(d)(3)(B)(i).  The FDIC then generally has 180 days in which to allow or disallow the claim.  *See* § 1821(d)(5)(A)(i); *but see* § 1821(d)(5)(A)(ii) (permitting extension of 180-day period by written agreement); § 1821(d)(5)(C)(ii) (certain exceptions to disallowance of untimely claims).

Doherty's trip through the claims process prompted the motions before the court.  Doherty apparently filed a claim with the FDIC, and the FDIC moved to stay this action a week after it removed the case, arguing that the stay should last until the claim was resolved, the 180-day deadline to resolve it passed, or, alternatively, for ninety days as required by 12 U.S.C. § 1821(d)(12)(A)(ii).  *See* ECF No. 7 at 4–5.  While the motion to stay was pending, Doherty filed

a one-page motion styled as a motion lift the automatic stay. ECF No. 13 at 1.[1] The court entered no stay, and the statutory provisions the FDIC cites include no self-executing stay language. *Compare* 11 U.S.C. § 362 (imposing automatic stay in bankruptcy cases), *with* 12 U.S.C. § 1821(d)(12)(B). In any event, Doherty represents that the FDIC disallowed his claim, and the FDIC does not disagree. ECF No. 13 ¶ 2. Without citing authority, Doherty asks the court to return this case to the Illinois Appellate Court.[2] *Id.* The FDIC agrees that imposing a stay is no longer appropriate but argues that the case should remain in federal court where the proper procedure is for this court to enter a judgment in substantially the form of the judgment entered by the state trial court, so Doherty may appeal to the Seventh Circuit if he wishes. *See* Resp. to Pl.'s Mot. to Lift Automatic Stay 2, ECF No. 15; 12 U.S.C. § 1821(d)(6). The court agrees with the FDIC.

Doherty identifies no defect in the removal of this case, jurisdictional or otherwise. *See* ECF No. 13 at 1. The Seventh Circuit has confirmed that, although somewhat rare, a case can be removed from an appellate court, including removals by the FDIC under § 1819 as an example. *See Reilly v. Waukesha Cty.*, 993 F.2d 1284, 1287 (7th Cir. 1993) (citing *In re Meyerland Co.*, 960 F.2d 512 (5th Cir. 1992) (en banc), a § 1819(b) case, for the proposition that removal during an appeal in state court is an authorized, if unsettling, step); *Mehta v. Shah*, 113 F. App'x 165, 167 (7th Cir. 2004) (citing *Lester v. Resolution Trust Corp.*, 994 F.2d 1247, 1252 n. 7 (7th Cir. 1993)) (approving removal under § 1819(b) from the Illinois Appellate Court after FDIC was appointed as receiver of a party and substituted for that party). Indeed (though the rule does not determine the outcome here), the Seventh Circuit has held the § 1819(b)(2)(B) clock does not

---

[1] Doherty filed two identical copies of this motion. *Compare* ECF No. 10 *with* ECF No. 13.
[2] Doherty states that this case had been "fully briefed" before removal, ECF No. 13 ¶ 2, but the record does not support that assertion.

begin to run until the FDIC's substitution occurs through express court action, such as by the granting of a motion. *Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005) (holding that "substitution as a party requires a specific filing in court"). The FDIC removed this action just six days after being substituted for Washington Federal, a period comfortably within the ninety-day window created by § 1819(b)(2)(B).

This court cannot ignore its obligation to decide a case falling properly within its removal jurisdiction, for "a removed case is necessarily one of which the district courts have original jurisdiction." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quotation, ellipsis, and citations omitted); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("Federal courts have a 'virtually unflagging obligation to exercise the jurisdiction given them.'" (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 821 (1976)) (brackets and ellipsis omitted)). Doherty identifies no authority that would permit this court to remand as a matter of discretion, and the court knows of none. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (differentiating between remands for lack of subject matter jurisdiction and discretionary remands).

The question therefore becomes how to proceed in this court. *Mehta*, *supra*, supplies the answer. There the district court entered an order in substantially the form of the state trial court's judgment, thereby providing the party who lost in the state trial court with effective appellate review of those orders in the Seventh Circuit. *See Reilly*, 993 F.2d at 1287 (holding that on appeal, the Seventh Circuit "may examine all of the antecedent interlocutory rulings, including those rendered by the state judge and absorbed into the district court's final judgment" entered in action removed from state court); *Mehta*, 113 F. App'x at 167–71 (conducting such a review in an action removed by the FDIC under § 1819(b)(2)).

Finding no jurisdictional defect in the removal of this action, the court denies the FDIC's motion to Stay, ECF No. 7, as moot and denies Doherty's motions to lift stay, ECF Nos. 10, 13, as moot except insofar as he seeks an order remanding this case to the Illinois Appellate Court. The request to remand is denied. The clerk is directed to enter judgment awarding substantially the same relief awarded by the state trial court in its judgment dated October 12, 2016. R. on Appeal in No. 17-161 at 393–97, ECF No. 1-2.

Date:   August 15, 2018                                  /s/
                                                 Joan B. Gottschall
                                                 United States District Judge